# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| HOLLIS LOCKETT, | * | |
| Petitioner, | * | |
| | * | CASE NO. 5:06-CV-427 WDO |
| v. | * | Rule 60(b)(5) Motion |
| | * | CASE NO. 5:92-CR-48 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On August 24, 1993, Petitioner Lockett was sentenced to serve 235 months imprisonment subsequent to conviction by jury of four counts of Possession of Cocaine Base With Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). (R- 90). The record of his case in the District Court indicates that he filed a direct appeal of his conviction and sentence and the United States Court of Appeals for the Eleventh Circuit affirmed the District Court on January 2, 1996 (R-127). The record further reflects that Petitioner Lockett filed seven (7) Motions To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 between February 15, 1994 and August 8, 2000. Additionally, he twice applied without success to the United States Court of Appeals for the Eleventh Circuit for authorization to file second and successive Motions To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. He also filed a Writ of Mandamus in regard to his sentence which was denied by both the District Court and the United States Court of Appeals for the Eleventh Circuit. Twice he filed Motions To Reduce Sentence which were denied or dismissed.

On December 27, 2006, Petitioner Lockett filed a Motion For Relief From Judgment Under Federal Rule of Criminal Procedure 60(b)(5), alleging that "it is no longer equitable that (his 1993) judgment should have prospective application." (R-177). He references, without citation, a September 2006 case from the Third Circuit Court of Appeals which he reports "concluded that Judges can disregard the two-tier sentencing which required 100 times more powder cocaine than crack for the same prison term." (*Id*. at 1). Petitioner Lockett proffers that, "the Sentencing Commission has recommended three times that Congress narrow the disparity," to wit., the 100-to-1 ratio of cocaine base to cocaine powder provided by the Sentencing Guidelines applicable to 21 U.S.C. § 841(a)(1). His claim for relief is:

> That the Court reinstate the Petitioner's right to appeal opening the way for further proceedings ultimately to vacate the Federal Conviction or whatever the Court deems to be appropriate and in the interest of the Integrity of the Court and in the interest of Justice.

## Conclusions of Law

The District Court must note that the United States Court of Appeals for the Eleventh Circuit has fully addressed Petitioner's concern with the Sentencing Guidelines application of the 100-to-1 ratio of cocaine powder to cocaine base in sentence calculation. In *United States v. Williams,* 456 F.3d 1353 (11th Cir. 2006), the Court held that the district court's rejection of the 100-to-1 drug quantity ratio cannot be justified. Explaining its position in more detail in its denial of a Rehearing En Banc of Williams' appeal, the Eleventh Circuit Court of Appeals detailed the district court's role in sentencing post - *United States v.*

*Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), stating:

> Under our constitutional system, the power to define penalties for federal crimes belongs to Congress, not the judiciary. *United States v. Evans,* 333 U.S. 483, 486, 68 S.Ct. 634, 636 (1948). The judiciary is not free, generally to replace a congressional policy with one it deems superior. *See, e.g., Neal v. United States,* 516 U.S. 284, 116 S.Ct. 763 (1996); *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919 (1991).
>
> Congress created the Sentencing Commission under it power to define penalties for federal crimes, using a sentencing guidelines scheme to limit judicial discretion. Of course, Congress's authority in this area is not without limitation. In *United States v. Booker,* the Supreme Court held that mandatory sentencing enhancements triggered by judge-found facts violate the defendant's constitutional right to a jury trial. 543 U.S. at 244, 125 S.Ct. at 756. To solve the constitutional problem, the Court excised the statutory provision that made the Sentencing Guidelines mandatory, thereby rendering them advisory. *Id.* at 244-46, 125 S.Ct. at 756-57.
>
> Rendering the Guidelines advisory, however, does not permit unfettered judicial discretion. District Courts must still "consult [the] Guidelines and take them into account when sentencing." *Id.* at 264, 125 S.Ct. at 767. Moreover, *Booker* cabined judicial discretion by grounding it in the 18 U.S.C. § 3553(a) factors. *Id.* at 261, 125 S.Ct. at 766. These factors serve to guide district courts in applying their newly found discretion in individual cases, and to promote greater uniformity in sentencing decisions. *Id.* at 263-64, 125 S.Ct. at 766-67.

*United States v. Aaron Eric Williams,* — F.3d — , 2006WL3615300, (11th Cir. December 13, 2006).[1] The Court further emphasized that:

> The 100-to-1 cocaine to crack ratio directly reflects clearly expressed, unambiguous congressional sentencing policy, which Congress embedded in the U.S. Code and is reflected in the Guidelines.

---

[1] Only the West law citation is currently available.

*Id.* at *2.

> Although each Circuit to address the cocaine to-crack ratio in the Guidelines has approached the issue differently, in large part because the cases have had different factual and procedural backgrounds, these Circuits have all agreed that a district court is not at liberty to vary from an advisory Guidelines range because of a categorical rejection of congressional sentencing policy regarding the 100-to-1 ratio. . . . *United States v. Castillo,* 460 F.3d 337, 361 (2nd Cir. 2006) (holding "nothing in § 3553(a) or in *Booker* ... authorizes district courts to sentence defendants for offenses involving crack cocaine under a ratio different from that provided in the Sentencing Guidelines" other than for "case specific applications of the § 3553(a) factors); *United States v. McCullough,* 457 F.3d 1150, 1172 (10th Cir. 2006) (agreeing "it is error for a district court to impose a sentence outside the advisory Guidelines range based upon its own disagreement with the crack cocaine/powder cocaine disparity); . . . .

*Id.* at *4. The *Williams* Court then held:

> This Circuit concludes that varying from an advisory Guidelines range based on a categorical rejection of Congress's clearly expressed sentencing policy as embedded in the Guidelines and its statues is error.

*Id.* at *7.

Petitioner Lockett's claim under Rule 60(b)(5) that his sentence is "no longer equitable" because of the advisory nature of the Guidelines post-*Booker* and the random district court cases voicing disagreement with the current 100-to-1 powder to crack cocaine guideline provision, incorrectly presupposes that the advisory Guideline system created by *Booker* is retroactively applicable to his 1993 sentence. It is not. "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission." *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005).

Petitioner Lockett's Rule 60(b) Motion fails to show any legal basis for this court to "reinstate [his] right to appeal, opening the way for further proceedings seeking ultimately to vacate the Federal Conviction ... ." Rule 60(b)(5) provides:

> On motion and upon such terms as are just, the court may relieve a party .... from a final judgment, .... for the following reason: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Petitioner's contention, that the Guideline 100-to-1 ratio, powder to crack cocaine, and the resultant Sentencing Guideline range, should not be followed by this court, is in conflict with the controlling authorities of this Circuit, to wit., *United States v. Williams,* 456 F.3d 1353 (11th Cir. 2006), and *United States v. Aaron Eric Williams,* — F.3d — , 2006WL3615300, (11th Cir. December 13, 2006), as quoted above.

THEREFORE, IT IS RECOMMENDED that Petitioner's Motion For Relief From Judgment Under Federal Rule of Criminal Procedure 60(b)(5) be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 16th day of January 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE